1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  SUZANNE STANTON,              )  Case No. 05cv1644-LAB (BLM)
                                  )
12              Plaintiff,        )  **REPORT AND RECOMMENDATION FOR**
    v.                            )  **ORDER GRANTING DEFENDANT'S**
13                                )  **MOTION TO ENFORCE THE COURT'S**
    VENETEC INTERNATIONAL, INC.,  )  **ORDER AND FOR SANCTIONS**
14                                )
              Defendant.          )
15                                )  [Doc. No. 38]
    _____)

16

17      On September 6, 2006, Defendant filed a Motion to Enforce the

18  Court's Order and for Sanctions.  Doc. No. 38.  In its motion and

19  accompanying memorandum of points and authorities, Defendant requests

20  that the case be dismissed in its entirety because Plaintiff has

21  repeatedly failed to comply with the Court's orders and with the

22  discovery rules.  Id.  Plaintiff did not file an oppposition and the

23  motion was taken under submission.

24                            **BACKGROUND**

25      Plaintiff initiated this case on August 18, 2005, alleging that

26  Defendant discriminated against Plaintiff on the basis of her age and

27  gender during the course of Plaintiff's employment with Defendant.  Doc.

28  No. 1.  At the time the complaint was filed, Plaintiff was represented

by counsel.  However, on January 12, 2006, Plaintiff's counsel withdrew as counsel of record at Plaintiff's request.  Doc. No. 9.  Plaintiff has not obtained new counsel.

Because Plaintiff has taken no action in this case since May of this year, the facts detailed in this report substantially mirror those set forth in this Court's August 11, 2006 Order Granting in Part and Denying in Part Defendant's Motion to Compel [Doc. No .31].

**A.   Written Discovery Requests**

On February 24, 2006, Defendant propounded interrogatories, requests for production, and requests for admission upon Plaintiff via certified mail.  See Aff. of Marcie Freeman ("Freeman Aff."), attached to Doc. No. 24, at 2.  These discovery requests were returned to Defendant when Plaintiff did not pick up the certified mail.  Id. Defendant again mailed the discovery requests to Plaintiff via regular mail and certified mail, return receipt requested.  Id.  The return receipt reflects that Plaintiff received the discovery requests on March 6, 2006.  Id.

Plaintiff's discovery responses were due on April 7, 2006.  Id. On that date, Plaintiff requested a two-week extension of the deadline. Id.  Defendant agreed to extend the deadline to April 19, 2006.  Id. However, Defendant did not receive any responses from Plaintiff on or before that date.  Id.  On April 24, 2006, Defendant informed Plaintiff via letter that the deadline had passed and requested that Plaintiff immediately provide responses to Defendant's written discovery requests. Id.

On April 28, 2006, the Court convened a Mandatory Settlement Conference, which Plaintiff attended.  See Doc. No. 17.  The case did not settle.  Id.  After the settlement conference, the Court held a

discovery conference on the record.  <u>Id.</u>  Plaintiff admitted on the record that she had received the written discovery requests and that she had not responded to them.  <u>See</u> Tr. of April 28, 2006 conference at 2-3 (foll. Doc. No. 22).  Plaintiff offered no explanation for this failure. Accordingly, the Court ordered Plaintiff to comply with all of the discovery rules and do whatever was necessary to complete discovery by the June 16, 2006 cutoff date.  <u>See</u> <u>Id.</u> at 8. Despite the Court's express order, Plaintiff has still not provided Defendant with any documents or written discovery responses.  <u>See</u> Freeman Aff. at 2.

**B.   <u>Plaintiff's Deposition</u>**

On March 8, 2006, Defendant's counsel telephoned Plaintiff seeking a deposition date, but Plaintiff requested that the deposition be postponed until Plaintiff was represented by counsel.  Doc. No. 24 at 3.  Defendant agreed to delay deposing Plaintiff for a short period and subsequently noticed Plaintiff's deposition for March 27, 2006.  <u>Id.</u> While Defendant's counsel eventually cancelled the deposition due to a death in her family, Plaintiff informed Defendant by letter dated March 25, 2006, that she would not appear for deposition on March 27, 2006 because she had not yet retained counsel.  <u>Id.</u> at Ex. 4.

On April 14, 2006, Defendant sent a letter to Plaintiff noticing Plaintiff's deposition for April 21, 2006.  <u>Id.</u> at Ex. 5.  The return receipt indicates that Plaintiff received the letter on April 15, 2006. <u>Id.</u>  Plaintiff did not appear for the April 21, 2006 deposition.  <u>Id.</u> at Ex. 6.  Plaintiff attempted to cancel the deposition at approximately 6:00 p.m. on the eve of the deposition, stating that she had contacted an attorney who might represent her.  <u>Id.</u> at 3.  The next morning, Defendant's counsel left a telephone message for Plaintiff, stating that the deposition would go forward as scheduled.  <u>Id.</u>  Fifteen minutes

before the start of the deposition, Plaintiff called Defendant's counsel and stated that she was too ill to attend the deposition.  Id. at 4.

During the April 28, 2006 discovery conference, held on the record, the Court ordered Plaintiff to appear for a deposition on May 19, 2006. Tr. Of April 28, 2006 conference at 7 (foll. Doc. No. 22).  On May 3, 2006, Defendant provided written notice to Plaintiff of the May 19, 2006 deposition.  Doc. No. 24 at Ex. 10.  On May 18, 2006, Defendant's counsel sent Plaintiff a letter via facsimile and email reminding Plaintiff of the May 19, 2006 deposition.  Id. at Ex. 11.  Plaintiff responded to the email on May 18, 2006, stating that she would not attend the deposition "due to not being well."  Id. at Ex. 12. Plaintiff did not appear at the May 19, 2006 deposition.  Id. at Ex. 13.

## C.  Defendant's Motion to Compel

On June 1, 2006, Defendant filed a motion to compel.[1]  Doc. No. 23. In that motion, Defendant requested that the Court compel Plaintiff to comply with the discovery rules and impose sanctions against Plaintiff for her repeated failures to comply.  Doc. Nos. 23, 24.  Specifically, Defendant requested the following sanctions: dismissal, contempt of court, evidentiary restrictions, and/or monetary penalties.  Id. Plaintiff did not oppose the motion to compel.

On August 11, 2006, this Court granted in part and denied in part Defendant's motion to compel, ordering Plaintiff to: (1) provide written responses to Defendant's interrogatories and requests for production within fourteen days; (2) produce all documents responsive to

---

[1]  Defendant's motion was captioned "Motion to Dismiss, and in the Alternative, Motion for Plaintiff to be Found in Contempt, Motion to Compel, and Motion for Reasonable Expenses for Plaintiff's Failure to Comply with Discovery Rules."  Doc. No. 23.

4

Defendant's requests for production within fourteen days; (3) appear for a deposition on August 30, 2006; and (4) pay $1,005.50 in sanctions to Defendant's counsel within fourteen days.   Doc. No. 31.   The Court declined to impose dismissal, contempt of court, or evidentiary restrictions as sanctions at that time largely because the Court found that Plaintiff had not received adequate warning that such severe sanctions could result from Plaintiff's failure to comply.   Id. However, the August 11, 2006 order warned Plaintiff at least five times, in no uncertain terms, that "future violations of the discovery rules or of the Court's orders will result in the imposition of more severe sanctions, including, but not limited to, monetary sanctions, evidentiary sanctions, contempt of court, or dismissal of the case in its entirety."   Id.

In the instant motion, Defendant documents Plaintiff's failure to comply, in any manner, with this Court's August 11, 2006 order.   Decl. of Marcie Freeman ("Freeman Decl."), attached to Def.'s Mem. P. & A. as Ex. 3, at 2.   In a sworn declaration, Defendant's counsel states that Plaintiff did not provide any written responses or documents, did not appear for her deposition on August 30, 2006, and did not pay the ordered monetary sanction.   Id.

## LEGAL STANDARD

Dismissal is an appropriate sanction only where a non-complying party's behavior demonstrates "willfulness, bad faith, or fault."   Hyde & Drath v. Baker, 24 F.3d 1162, 1165 (9th Cir. 1994).   Before dismissing a case for failure to comply with a court order, a court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public

1   policy favoring disposition of cases on their merits; and (5) the

2   availability of less drastic sanctions.  <u>Id.</u> (citing <u>Wanderer v.</u>

3   <u>Johnston</u>, 910 F.2d 652, 656 (9th Cir. 1990)); <u>see also</u> <u>Stars' Desert Inn</u>

4   <u>Hotel & Country Club, Inc. v. Hwang</u>, 105 F.3d 521, 524 (9th Cir. 1997).

5   "The first two of these factors favor the imposition of sanctions in

6   most cases, while the fourth cuts against a default or dismissal

7   sanction.  Thus the key factors are prejudice and availability of lesser

8   sanctions."  <u>Hwang</u>, 105 F.3d at 524.

9                              **DISCUSSION**

10      Defendant contends that dismissal is warranted because Plaintiff

11  has deliberately failed to comply with the discovery rules and with the

12  Court's orders.[2]  Def.'s Mem. P. & A. at 2.  This Court agrees.

13      Plaintiff's actions to date have prevented Defendant from obtaining

14  any discovery from Plaintiff.  Plaintiff's repeated failures to comply

15  with discovery have clearly "impaired [Defendant's] ability to go to

16  trial [and have] threatened to interfere with the rightful decision of

17  the case" and, therefore, have resulted in prejudice to Defendant.  <u>See</u>

18  <u>Baker</u>, 24 F.3d at 1166 (quoting <u>United States ex rel. Wiltec Guam, Inc.</u>

19  <u>v. Kahaluu Constr. Co.</u>, 857 F.2d 600, 604 (9th Cir. 1988)).  Defendant

20  provides the following specific examples of prejudice it has suffered

21  as a result of Plaintiff's failures to comply:

22  _____

23      [2] Defendant additionally requests dismissal on the basis of Plaintiff's failure
    to prosecute this case.  Def.'s Mem. P. & A. at 5-7.  Civil Rule 41.1 of the Local

24  Rules of the Southern District of California states that "[a]ctions or proceedings

25  which have been pending in this court for more than six months, without any proceeding
    or discovery having been taken therein during such period, may, after notice, be

26  dismissed by the court for want of prosecution... ."  In the instant case, Plaintiff

27  appeared at a Mandatory Settlement Conference on April 28, 2006.  Because less than six

28  months have passed since that proceeding, this Court finds that it would be
    inappropriate to dismiss the case on failure-to-prosecute grounds at this time.

(a) Without the benefit of Plaintiff's deposition and written discovery responses, Venetec's expert has been unable to adequately prepare her expert report.

(b) Ms. Stanton's actions have impeded Venetec's preparation for trial.

(c) Venetec has incurred attorney's fees and expenses each time Ms. Stanton has been noticed for her deposition, but has failed to appear.

(d) Ms. Stanton's actions have not allowed Venetec to properly prepare its dispositive motions.

Def.'s Mem. P. & A. at 4.

In addition, this Court finds that Plaintiff's pattern of avoiding discovery establishes willfulness. Plaintiff has knowingly and intentionally failed to appear at three properly-noticed depositions, two of which were ordered by this Court. Moreover, with regard to the most recent deposition, which this Court ordered to occur on August 30, 2006 [see doc. no. 31], Plaintiff never contacted Defendant or the Court; she just did not appear. Plaintiff also has failed to provide written and documentary discovery and has ignored this Court's order to do so. As set forth in the Court's August 11, 2006 order, Plaintiff had not responded to Defendant's written discovery. The Court noted this failure and gave Plaintiff an additional opportunity to rectify this error. Plaintiff refused to do so by failing to respond by the deadline imposed by the Court in its August 11th order. Doc. No. 31. In addition, Plaintiff failed to respond to Defendant's initial motion to compel and to the instant motion for dismissal, despite the Court's repeated warning that failure to comply with the Court's order could result in dismissal of Plaintiff's entire case. Plaintiff's conduct establishes not only an intentional avoidance of her discovery obligations and willful violation of this Court's orders, it evidences her intent to abandon her case altogether.

This Court has considered the feasibility of less drastic sanctions and finds that imposition of less drastic sanctions at this time would be futile in achieving Plaintiff's compliance with court orders and with the discovery rules. See Estrada v. Speno & Cohen, 244 F.3d 1050, 1058 (9th Cir. 2001) (affirming district court's dismissal sanction upon finding that imposition of less drastic sanctions would have been futile). Both Defendant and the Court have already provided Plaintiff with numerous opportunities to cure her non-compliance. Defendant has postponed Plaintiff's deposition at Plaintiff's request and allowed Plaintiff significant additional time to respond to Defendant's discovery requests. When Plaintiff still failed to appear for deposition or provide documents or written discovery responses and Defendant sought dismissal, the Court provided Plaintiff with yet another opportunity to fulfill her discovery obligations. Specifically, at the April 28, 2006 discovery conference, the Court ordered Plaintiff to appear for deposition on May 19, 2006 and to comply with the discovery rules. Plaintiff failed to comply with these orders. In a written order dated August 11, 2006, the Court provided Plaintiff with one last opportunity, ordering Plaintiff to appear for deposition on August 30, 2006, to provide documents and written responses to Defendant's discovery requests, and to pay monetary sanctions to Defendant. Additionally, the Court explicitly and repeatedly warned Plaintiff that any violation of the Court's August 11, 2006 order likely would result in the imposition of severe sanctions, including dismissal of the case. Notwithstanding these warnings, Plaintiff again failed to comply with any of the Court's orders.

The Court's repeated warnings of the possibility of dismissal, together with its actual implementation of less drastic (monetary) sanctions, are sufficient to satisfy the Court's obligation to consider

less drastic sanctions before imposing dismissal[3].   <u>See</u> <u>Estrada</u>, 244 F.3d at 1057 ("[A] judge's warning to a party that a future failure to obey a court order will result in default judgment can itself suffice to meet the 'consideration of alternatives' requirement.  Furthermore, 'explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal.'") (citations omitted).

In sum, this Court finds that Defendant has suffered severe prejudice as a result of Plaintiff's repeated failures to comply with the Court's orders and with the discovery rules.  The Court also finds that its earlier order imposing less drastic sanctions has failed to cure Plaintiff's non-compliance and thus, that imposition of additional less drastic sanctions at this time would be futile.  Furthermore, the Court finds that Plaintiff has received adequate warning that her case would be dismissed if she failed to comply with the Court's orders.  For all of these reasons, this Court **RECOMMENDS** that Defendant's motion for sanctions be granted and that Plaintiff's case be dismissed.

<u>**CONCLUSION AND RECOMMENDATION**</u>

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) dismissing the case in its entirety.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **<u>October 9, 2006.</u>**  The document should be captioned "Objections to Report and Recommendation."

---

[3]     Notably, the Court also notified Plaintiff in its August 11, 2006 order that her failure to respond to Defendant's requests for admission appeared to have resulted in those admissions being deemed admitted pursuant to operation of Rule 36(a) of the Federal Rules of Civil Procedure.

1        **IT IS FURTHER ORDERED** that any reply to the objections shall be

2   filed with the Court and served on all parties no later than **October 23,**

3   **2006.**   The parties are advised that failure to file objections within

4   the specified time may waive the right to raise those objections on

5   appeal of the Court's order.   See <u>Turner v. Duncan</u>, 158 F.3d 449, 455

6   (9th Cir. 1998).

7        **IT IS SO ORDERED.**

8

9   DATED:   September 25, 2006

10

11                                          BARBARA L. MAJOR
                                            United States Magistrate Judge
12

13
    COPY TO:
14
    HONORABLE LARRY A. BURNS
15  UNITED STATES DISTRICT JUDGE

16  ALL COUNSEL

17

18

19

20

21

22

23

24

25

26

27

28

                                      10                         05cv1644-LAB (BLM)