UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE STANTON,<br><br>　　　　　Plaintiff,<br>v.<br><br>VENETEC INTERNATIONAL, INC.,<br><br>　　　　　Defendant. | Case No. 05cv1644-LAB (BLM)<br><br>**AMENDED REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE THE COURT'S ORDER AND FOR SANCTIONS**<br><br>[Doc. No. 38] |

　　　On September 25, 2006, this Court issued a Report and Recommendation recommending that the District Judge dismiss this case. The Report noted Plaintiff's failure to file objections to Defendant's Motion to Enforce the Court's Order and for Sanctions [Doc. No. 38].

　　　On September 26, 2006, this Court received in chambers a document it construes to be Plaintiff's response to Defendant's motion.  While the document was only just received, it bears a file stamp dated September 20, 2006, which indicates that it was, in fact, timely filed. In this document, entitled "Response to Judge Majors Document # 37-1 Order Setting Special Briefing Schedule for Defendant's Motion for Sanctions" ("Response"), Plaintiff alleges that Defendant, defense counsel, the EEOC, this Court and numerous other individuals and

entities have engaged in a scheme or other conduct to steal and/or alter Plaintiff's documents and legal papers and demands an investigation. However, Plaintiff fails to adequately address her numerous failures to respond to Defendant's discovery requests and repeated failures to comply with this Court's orders.

Interpreting Plaintiff's Response liberally, as is required with *pro se* pleadings[1], Plaintiff contends that she was unable to produce documents responsive to Defendant's discovery requests because all of her documents have either been stolen or tampered with by Defendant and/or various other individuals.[2] However, Plaintiff provides no evidence to support her allegations, nor does she explain her complete failure to respond in any manner to the document requests. Plaintiff also offers no justification for her failure to respond to the interrogatories or requests for admission. Finally, Plaintiff asserts that she did not appear for depositions that were properly noticed by Defendant because she was physically sick. However, Plaintiff provides no evidence to support her allegation that she was sick on all of the relevant dates, nor does she provide any explanation for her failure to contact defense counsel and to arrange a subsequent deposition date. With regard to the first deposition for which she failed to appear, Plaintiff initially tried to cancel the deposition by claiming that she might have found a new attorney, but when Defendant refused to continue

---

[1] See Barron v. Ashcroft, 358 F.3d 674, 676 (9th Cir. 2004) (noting that the Ninth Circuit "liberally construe[s]" pro se filings); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that a pro se complaint, "however inartfully pleaded," must be held to a "less stringent standards than formal pleadings drafted by lawyers").

[2] While this document is styled as a declaration, Plaintiff did not sign it under penalty of perjury. As such, Plaintiff's assertions that her documents were stolen and/or tampered with have no evidentiary value.

1 the deposition, Plaintiff called fifteen minutes before the scheduled
2 deposition and said she was sick and then failed to appear.  Def.'s
3 June 1, 2006 Mem. P. & A. Supp. Mot. to Dismiss, Ex. 6 at 5 [Doc. No.
4 24].  In the second instance, the Court ordered Plaintiff to appear for
5 her deposition on May 19, 2006.  Defense counsel sent a reminder email
6 to Plaintiff the day before the scheduled deposition and Plaintiff
7 responded with an email stating that she was not well and she then
8 failed to appear as ordered.  Id., Ex. 12 at 1.  In the most recent
9 incident, the Court ordered Plaintiff to appear for her deposition on
10 August 30, 2006.  Plaintiff did not contact defense counsel at all; she
11 merely failed to appear again.  Now, Plaintiff claims that she failed
12 to appear because she was "physically sick."  Plaintiff's allegations
13 and statements in her Response do not excuse nor explain her repeated
14 failures to comply with court orders and her discovery obligations.
15 Moreover, Plaintiff fails to explain or justify her utter disregard for
16 this Court's repeated orders to comply with her discovery obligations
17 and to appear for deposition.  Accordingly, this Court finds that
18 Plaintiff's Response does not alter its recommendation that the ultimate
19 sanction of dismissal is warranted in this case.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the Court renews its **RECOMMENDATION** that the District Court issue an Order: (1) approving and adopting its original Report and Recommendation and this Amended Report and Recommendation, and (2) dismissing the case in its entirety. The briefing schedule for filing objections to this Amended Report and Recommendation shall remain as set in the September 25, 2006 Report and Recommendation.

**IT IS SO ORDERED.**

DATED: September 28, 2006

*[signature: Barbara L. Major]*

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE LARRY A. BURNS
UNITED STATES DISTRICT JUDGE

ALL COUNSEL