FILED

2006 OCT 17 AM 8:17

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE STANTON,<br><br>                      Plaintiff,<br><br>vs.<br><br>VENETEC INTERNATIONAL, INC.,<br><br>                      Defendants. | CASE NO. 05cv1644-LAB (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO ENFORCE COURT'S ORDER AND FOR DISMISSAL SANCTION; AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT**<br><br>[Dkt Nos. 40, 43, 27] |

      Plaintiff Suzanne Stanton ("Stanton") filed this action August 18, 2005, alleging defendant Venetec International, Inc. ("Venetec") discriminated against her on the basis of age and gender in the course of her employment. She was represented by counsel until January 2006. She has proceeded *pro se* since then in a manner characterized by avoidance of her discovery and other obligations, dilatory obstructionism, and imposition of monetary sanctions against her for defiance of court Orders and failure to comply with the Federal Rules of Civil Procedure and local rules.

      By Order entered September 5, 2006, this court referred the matter to Magistrate Judge Barbara L. Major for further proceedings and a Report and Recommendation ("R&R") responsive to defendants' latest Motion for a finding of contempt and for dismissal sanctions for Stanton's failure

to comply with court rules and Orders. Dkt Nos. 36, 38. Judge Major set a briefing schedule. She filed her R&R on September 25, 2006, recommending defendant's motion be granted and this case be dismissed in its entirety as an appropriate sanction, in light of Stanton's non-complying behavior, the repeated admonitions and warnings she has received in the course of the litigation, and the ineffectiveness of lesser sanctions. Dkt No. 40. The day after the R&R issued, Judge Major belatedly received a Response from Stanton file-stamped September 20, 2006. Judge Major construed the Response as Stanton's timely opposition to the Motion, considered it, then issued an Amended R&R on September 28, 2006, concluding: "Plaintiff's Response does not alter [the] recommendation that the ultimate sanction of dismissal is warranted in this case." Dkt No. 43, 3:17-19.

The deadline for filing Objections to the R&R and amended R&R passed on October 9, 2006. As of the date of this Order, no R&R Objections have been filed. A district judge "may accept, reject, or modify the recommended decision" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. FED. R. CIV. P. 72(b); *see* 28 U.S.C. §636(b)(1). "The court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. §636(b)(1). The statutory provision does not require that the district court conduct some lesser review when no objections are filed. Thomas v. Arn, 474 U.S. 140, 149-50 (1985); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 540 U.S. 900 (2003) (the "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise").[1]

Although no Objections have been filed, this court has reviewed *de novo* the procedural history of this case, the prior admonitions Stanton received with respect to the prosecution of her case, and the lesser sanctions previously ordered by the magistrate judge. This court finds, independently of the

---

[1] Prior to Reyna-Tapia, the Ninth Circuit held that when no objections were filed, the district court could assume the correctness of the magistrate judge's findings of fact and decide the issues on the applicable law. *See* Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) ("A failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*"), *citing* Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983). The overruling of the Barilla case was recognized in Brazzell v. Spaulding, 182 F.3d 924 (9th Cir. 1999). This court acknowledges that Reyna-Tapia does not directly address this authority, and that the Ninth Circuit may ultimately distinguish Reyna-Tapia and the Barilla-Britt line of authority. *See* Schmidt v. Johnstone, 263 F.Supp.2d 1219, 1225, 1226 n.5 (D. Ariz. 2003). In this case, the court has conducted a *de novo* review of the procedural and factual foundations and the conclusions of law in the R&R.

1  R&R, dismissal is warranted under the standards recited in the R&R at pages 5-6.  Accordingly, **IT
2  IS HEREBY ORDERED** the Court **ADOPTS** the Report and Recommendation and **DISMISSES**
3  this case in its entirety.  **IT IS FURTHER ORDERED** Venetec's (unopposed)[2] pending Motion For
4  Summary Judgment is consequently **DENIED AS MOOT**.

5      **IT IS SO ORDERED**.
6  DATED: 10-13-06

                                                               **HONORABLE LARRY ALAN BURNS**
                                                               United States District Judge

cc: MAGISTRATE JUDGE BARBARA LYNN MAJOR
     ALL COUNSEL OF RECORD

---

[2] Venetec filed its Motion For Summary Judgement on June 21, 2006 with a hearing date of August 28, 2006. This court *sua sponte* continued the motion hearing date to October 2, 2006 and the briefing schedule, setting September 11, 2006 as Stanton's deadline to file Opposition. By Order entered September 26, 2006, this court suspended the hearing of the summary judgment motion, with disposition of that motion to be addressed in connection with the court's Order on the R&R. Stanton had filed no timely opposition to the summary judgment motion.